UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER POQUEE,

               Plaintiffs,

-against-

SAMUL SOTO, JR.; THOMAS RAPOSA; SIMON B. CROOM, JR.; and D. LARSEN,

               Defendants.
-----------------------------------------------------------------X

10 Civ. 0265 (BSJ)(DCF)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/10

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the parties through their respective counsel, that documentation produced in response to any discovery demand issued by any party to this litigation may be designated "Confidential Documentation" or "Confidential – Attorneys' Eyes Only Information" pursuant to this Stipulation and Protective Order (hereinafter, "Order"). This Order shall govern the production, disclosure and use of confidential documents and materials so designated in this action.

      IT IS HEREBY STIPULATED AND AGREED that:

### CONFIDENTIAL DOCUMENTATION

      1.     Counsel for any party may, after a good faith determination that a document produced in this litigation, including transcripts of depositions taken by any party, contains material that is confidential, designate such document "Confidential Documentation." The designation "Confidential Documentation" applies to (a) unsubstantiated and substantiated allegation of a use of force or of making a false statement by the defendants, if any; (b) investigative case file IAD/08/1690

from the Inspector General's Officer and (c) any other information that is otherwise designated as "Confidential Documentation." This Order does not serve as a waiver of any immunity or privilege provided for by law that may be asserted in relation to such Confidential Documentation.

## CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

2. Counsel for any party may, after a good faith determination that a document contains material that is confidential and/or of a sensitive personal nature and the producing party would be unfairly prejudiced if the opposing party were to see the document or disclosure of which defendants deem would jeopardize the safety of the New York State Department of Correctional Services ("DOCS") and/or any correctional facility within DOCS, designate such document "Confidential – Attorneys' Eyes Only Information." Documents designated "Confidential – Attorneys' Eyes Only Information" includes (a) information contained in the defendants' personnel files; (b) floor plans or maps of DOCS facilities and (c) any other information that is otherwise designated "Confidential – Attorneys' Eyes Only Information." Documents designated Confidential – Attorneys' Eyes Only Information will be produced in discovery absent objection on the basis of immunity or privileges provided for by law, but the disclosure and use of such information will be limited as set forth in this Order.

3. Any party or counsel who disseminates or discloses documents designated Confidential – Attorneys' Eyes Only Information to any individual or entity other than those identified in paragraph 4 below will be subject to any and all sanctions for such dissemination or disclosure that is provided for by applicable federal and state law.

## STIPULATIONS APPLICABLE TO ALL DOCUMENTATION PRODUCED

4. Access to documents designated Confidential – Attorneys' Eyes Only Information shall be limited to:

   (a) attorneys for the defendants in the instant federal action;

   (b) attorneys for the plaintiff in the instant federal action;

   (c) employees and independent contractors of the respective attorneys for plaintiff or defendants, including all interns and paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel, who have functional responsibility for the preparation of a motion or trial in this litigation, or any appeal in relation thereto, or any proceeding to enforce any order of the Court therein;

   (d) court reporters, copy services, graphic support services, document imaging services, and database coding services retained by counsel, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for plaintiffs or defendants;

   (e) the Court, if so ordered, as an *in camera* submission; and

   (f) any expert or consultant who is retained by any attorney for any party.

5. Except as provided by the Court, documents designated Confidential – Attorneys' Eyes Only Information produced by a party shall not be released or disclosed by the receiving party in any manner or form, written, electronic, or oral, to plaintiff, defendants, to any other person who is or was a prisoner in the custody of DOCS or to any other person not covered under paragraph 4 of this Order.

6. Any person who is given access to documents designated Confidential Documentation or Confidential – Attorneys' Eyes Only Information shall be advised of and shall abide by the provisions of this Order requiring that such documents be held in confidence. Any person to receive Confidential – Attorney's Eyes Only Information pursuant to paragraph 2 shall, prior thereto, be provided with a copy of this Order and shall execute the Certification annexed hereto.

7. Documents designated Confidential Documentation or Confidential – Attorneys' Eyes Only Information shall be used only for the purposes of this litigation and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

8. If any party challenges the designation of any documents or testimony as "Confidential Documentation" or "Confidential – Attorneys' Eyes Only Information," that party shall notify all interested parties of its intent to challenge the confidentiality designation. Such notification shall be in writing and shall particularly identify the documents or information that the party contends should be differently designated. The parties shall negotiate in good faith to resolve any dispute in this regard without resort to the Court. If, however, the parties are unable to resolve such a dispute within a reasonable period of time following the designation challenge notice, either party may seek relief from the Court. The burden of establishing the confidentiality designation shall be on the designating party.

9. A party shall not be obliged to challenge the confidentiality designation at the time made and may at any time request that the designating party cancel or modify the designation with respect to any document or information contained therein.

10. An inadvertent failure to designate a document as Confidential, or an inadvertent classification of a document under Paragraph 2, may be corrected by supplemental written notice, and a supplemental production, each given as soon as practicable.

11. Within a reasonable period of time prior to any filing with the Court of any document designated Confidential Documentation or Confidential – Attorneys' Eyes Only Information, both parties shall have the opportunity to review any proposed redactions and/or use of pseudonyms in the filing and may reserve the right to raise any objections thereto. In addition, both sides retain the right to seek to file any document with the Court under seal.

4

12. Any Confidential Documentation or Confidential – Attorneys' Eyes Only Information that is filed with the Court in accordance with this Order shall cease to be confidential unless so ordered by the Court.

13. Nothing within this Order shall be deemed to waive any applicable immunity or privilege in relation to Confidential Documentation or Confidential – Attorneys' Eyes Only Information.

14. The terms of this Order shall survive this action. Prior to the conclusion of this action, including appeals, attorneys for the receiving party shall take reasonable precautions to maintain the confidentiality of Confidential Documentation and Confidential – Attorneys' Eyes Only Information, and any work product which reflects or includes information derived from documents or testimony designated as confidential.

15. At the conclusion of the litigation, including appeals, any Confidential Documentation or Confidential – Attorneys' Eyes Only Information produced and all copies of such Confidential Documentation or Confidential – Attorneys' Eyes Only Information shall be destroyed.

16. This Stipulation and Protective Order shall not govern during the trial of this action. The parties agree to confer in good faith on, and to submit together with any Pre-Trial Order, a

proposed protective order to govern during trial. Any application to maintain confidentiality at trial shall be made to the trial judge.

Dated: New York, New York
November 4, 2010

By: _____
Michael J. Beam
Debevoise & Plimpton LLP
Attorneys for Plaintiff
919 Third Avenue
New York, NY 10022

By: _____
Julinda Dawkins
ANDREW M. CUOMO
Attorney General of the
State of New York
Attorney for Defendants
120 Broadway
New York, New York 10271
(212) 416-8118

SO ORDERED: 11/17/10

_____
Hon. DEBRA C. FREEMAN
United States Magistrate Judge

**Debra Freeman**
United States Magistrate Judge
Southern District of New York

## **CERTIFICATION**

I certify my understanding that Confidential – Attorneys' Eyes Only Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order dated _____ in the matter of Poquee v. Soto, 10CV 0265 (BSJ)(DCF), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Order and agree to be bound by it.

I understand that all provisions of the Order restricting the communication or use of Confidential Information, including but not limited to any notes or other transcriptions made therefrom, shall continue to be binding during the pendency of and after the conclusion of this action and any appeals therefrom.

Dated: _____, New York
_____, 2010

_____

7