UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRISTOPHER POQUEE,

                Plaintiff,

        -against-

SAMUEL SOTO, JR.; THOMAS RAPOSA; SIMON B. CROOM, JR.; and D. LARSEN,

                Defendants.
------------------------------------------------------------------X

10 Civ. 0265 (BSJ) (DCF)

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 8/16/11

        WHEREAS plaintiff, Christopher Poquee, filed a complaint dated January 13, 2010 (the "Complaint") in the above-captioned action (the "Action"), alleging that defendants had violated plaintiff's rights during plaintiff's incarceration in the New York State Department of Corrections and Community Supervision system; and

        WHEREAS defendants answered the Complaint and denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

        WHEREAS the parties to the Action wish to resolve the issues alleged in the Complaint, and have negotiated in good faith for that purpose; and

        WHEREAS none of the parties to the Action is an infant or incompetent person; and

        WHEREAS the parties to the Action wish to discontinue this litigation without the need for trial and without admitting any wrongdoing on the part of defendants; and

        WHEREAS plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and counsel as follows:

1. Subject to the provisions set forth below, upon the Court's approval and entry of this Stipulation of Settlement and Order of Dismissal, the Action is dismissed and discontinued with prejudice and without costs. Such dismissal, however, is subject to plaintiff's right, upon twenty (20) days written notice to the defendants, to move to reopen the Action (as described more fully in paragraph #6 below) in the event the Settlement Amount (as defined in paragraph #2 below) is not received by plaintiff within one hundred and eighty (180) days after the receipt by Defendants' counsel of a copy of the fully executed Stipulation of Settlement and Order of Dismissal as entered by the Court.

2. Defendants shall pay the sum of FORTY-FIVE THOUSAND DOLLARS ($45,000.00) (the "Settlement Amount"), in full satisfaction of any and all claims for relief in this Action, including attorneys fees, costs and disbursements. Payment shall be made by a check in the amount of $45,000, and shall be made payable to plaintiff and delivered to the correctional facility in which plaintiff is incarcerated, for deposit in his inmate facility/departmental account. Dismissal of any identified parallel action filed by plaintiff relating to the facts alleged in the Complaint shall be a condition precedent to any payment under this Section.

3. In consideration of, and subject to, the payment of the Settlement Amount, the plaintiff, Christopher Poquee, hereby releases and discharges each of the defendants and any and all current or former employees or agents of New York State or the New York State Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Corrections and Community Supervision, from any

and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of any matter, cause or thing relating to the subject matter of the Action from the beginning of the world to the date of this Stipulation of Settlement and Order of Dismissal.

4. Nothing in this Stipulation of Settlement and Order of Dismissal shall be construed as an admission or acknowledgment of liability whatsoever by any of the defendants or the New York State Department of Corrections and Community Supervision regarding any of the allegations made by the plaintiff in his complaint.

5. Payment of the Settlement Amount is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment. The provisions of Chapter 62 of the Laws of 2001 (relating to crime victims, funds of convicted persons and the Crime Victims Board) may be applicable to payments by defendants hereunder.

6. In the event payment of the Settlement Amount is not made within one hundred and twenty (120) days after the receipt by Defendants' counsel of a copy of the fully executed So-Ordered Stipulation of Settlement and Order of Dismissal, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after such receipt. In addition, in the event payment of the Settlement Amount is not received by plaintiff within one hundred and eighty (180) days after the receipt by Defendants' counsel of a copy of the fully executed So-Ordered Stipulation of Settlement and Order of Dismissal, Plaintiff may, at any time, upon twenty (20) days written

notice to Defendants' counsel, move to restore the case to the trial calendar. In the event plaintiff moves, pursuant to this paragraph, to restore the Action to the trial calendar, the statute of limitations applicable to Plaintiff's claims shall be deemed to have been tolled from the date of entry of the fully executed So-Ordered Stipulation of Settlement and Order of Dismissal through the date on which this Action is reinstated. In the event that the Court grants the Plaintiff's motion to restore and the Settlement Amount has not been paid, the terms of this Stipulation of Settlement and Order of Dismissal shall become null and void.

7. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

8. This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceedings, shall bind the parties hereto, or vary the terms and conditions contained herein.

Dated: New York, New York
      August     , 2011

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the
                                      State of New York
                                      <u>Attorney for Defendants</u>
                                      120 Broadway
                                      New York, New York 10271-0332

                          By: _____
                                      Julinda Dawkins
                                      (212) 416-8118

Dated: New York, New York
August 15, 2011

By: *[signature]*

Michael J. Beam
Debevoise & Plimpton LLP
<u>Attorneys for Plaintiff</u>
919 Third Avenue
New York, NY 10022
(212) 909-6000

*[signature]*

Christopher Poquee

## ACKNOWLEDGMENT

On the 9 day of Aug, 20 11, before me came Christopher Poquee, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

*[signature]*
Notary Public
Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 6/20/14

SO ORDERED:

*[signature]*
Hon. BARBARA S. JONES
United States District Judge

8-16-11